Stephen L. Bucklin [SBN 119583]
3055 Wilshire Boulevard, Suite 730
Los Angeles, CA 90010
Phone: 213-382-1265
Facsimile: 213-382-5101
E-mail: stephenbucklin@gmail.com

FILED
APR 17 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO.

In Re Application of

ALEJANDRO ESPONDA

Applicant.

Pursuant to 28 U.S.C. Sec. 1782 for Judicial
Assistance in Obtaining Evidence from
Google LLC for Use in a Foreign Proceeding

CV 19 80106 MISC SVK

## APPLICATION OF ALEJANDRO ESPONDA FOR AN ORDER PURSUANT TO 28 U.S.C. SEC. 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Applicant, ALEJANDRO ESPONDA ("Esponda") through undersigned counsel applies for an order, pursuant to 28 U.S.C. Sec. 1782 and Rule 45, Fed.R.Civ. P., granting Esponda's application seeking discovery from Google LLC, for use in proceedings pending in the nation of Colombia. In support hereof Applicant states:

### INTRODUCTION

28 U.S.C. Sec. 1782 empowers a federal court to order a person or entity who resides or is found in the District to give testimony or to produce documents for use in a foreign proceeding. Esponda satisfies all of the statutory requirements for the grant of its 28 U.S.C. Sec. 1782 request. Esponda is an interested person seeking documentary evidence from a

U.S. entity located within the Northern District of California, for use in a pending proceeding in the Colombian courts. The Colombian proceeding centers on obtaining information from Colombian internet service providers regarding the identities of users in Colombia behind certain IP addresses who have been using email to make statements defamatory to Esponda.

Furthermore, all of the discretionary factors contained in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004) are in favor of granting Esponda's application. Specifically, Google LLC is not participating in the Colombian proceeding, nothing indicates that the Colombian court is unreceptive to this Court's assistance, the application is not an attempt to circumvent proof-gathering restrictions in Colombia, and the discovery request is narrowly tailored and not unduly intrusive or burdensome. Esponda seeks this Court's assistance in obtaining documentation regarding the identities of persons using certain Google gmail accounts and IP addresses of those users. The information is necessary for Esponda to prosecute his defamation claim in Colombia.

## FACTUAL BACKGROUND

The facts herein are supported by the declaration of Alejandro Esponda, attached as Exhibit 1. Alejandro Esponda is an individual residing in Miami, Florida who is employed in the precious metals industry. He is the Vice-President of Universal Precious Metals, LLC ("Universal") a company which imports, smelts, refines and distributes precious metals such as gold.

Starting on or about January, 2017 and continuing into 2018, a person purporting to be named "Jose Benavides" began sending emails to Esponda and Universal along with others in the gold industry in Colombia illegally sourcing gold in Colombia from criminal

2

groups and money laundering through the purchase and sale of that gold. These emails were sent from the email address oecdcol@gmail.com. It is believed by Applicant that "Jose Benavides" is an alias and despite diligent search, has of yet not been able to identify the party subscribing to email address oecdcol@gmail.com. These emails were published to third parties. The emails sent by "Jose Benavides" stated falsely that:

a. Universal has "drug related profits".

b. that Universal engages in bribery of public officials.

c. Universal engages in "large scale money laundering operations" and a "precious metals money laundering scheme".

d. Universal uses shell companies to commit tax evasion.

e. That Universal is a "criminal".

f. Universal has "laundered more that(sic) 2 tons of pure gold in to the international gold market in 2016 from illegally sourced gold…"

g. That Universals "compliance procedures are very weak" and it will "suffer great reputational damage from laundering money from…criminals".

On January 23, 2017, a person named Gabriel Garcia, also believed to be an alias, from the same email address, oecdcol@gmail.com, falsely stated that Universal was "laundering millions of dollars into the gold and financial market form(sic) drug related profits from corrupt Venezuelan officials" and that "these drug profits are bought in gold in Miami at Universal Precious Metals then smuggled into Venezuela and Colombia the gold is given the apereancy (sic) of legality in Colombia and then exported by criminals in commercial flights from Colombia to Miami." Esponda, as Vice-President of Universal and based in Miami, is implicated in such defamatory statements, which

3

would be defamatory per se as they state criminal offenses, not to mention violations of U.S. sanctions against Venezuela.

On April 18, 2017, "Jose Benavides" sent an email to Universal, and the Responsible Jewelry Council, a jewelry industry council of which Universal is a member, and dozens of other gold industry companies emails that falsely stated that the Responsible Jewelry Council will suffer great reputational damage due to "Universal Precious Metals Drug Related Profits" and the "Universal Precious Metals Scandal". On April 21, 2017, "Jose Benavides", believed to be an alias, from the email address oecdcol@gmail.com, sent an email to Universal, Ramirez, Miami law enforcement officials, members of the gold industry and the Responsible Jewelry Council, a false email that stated "Alejandro Esponda Roberto Ramirez Large Scale Money Launderer Universal Precious Metals" in the subject line, and "Universal Precious Metals Exposed", in the body, with a photo of Alejandro Esponda. The false email further stated that "we are dedicating all of our resources to expose your criminal activities we have a 100% success rate."

On May 10, 2017, "Jose Benavides", believed to be an alias, sent an email from oecdcol@gmail.com to Universal and Ramirez, along with dozens of other companies in the gold and jewelry industry, and the Responsible Jewelry Council, stating falsely in capital letters that Universal is "COLOMBIAS #2 IMPORTER OF ILEGAL (sic) GOLD 602 KG OF ILEGAL (sic) GOLD IN MARCH THIS YEAR....THEN IT IS AUNDERED (sic) IN THE INTERNATIONAL GOLD MARKET...ALL OF UNIVERSAL PRECIOS (sic) METALS SUPPLIERS ARE REJECTED BY OTHER COMPANIES WITH LBMA CERTIFICATIONS...UNIVERSAL PRECIOUS

4

METALS SERVE AS A COMPANY TO HIDE THE ORIGIN OF THIS ILLEGALY(sic) SOURCED GOLD!

On May 23, 2018, from the gmail account casofundicionramirez@gmail.com, the misrepresentation was made by "Rodolfo Ramirez" an alias, that gold being sourced from Universal and Esponda was being used in money laundering. Defamatory emails are continuing from this gmail account.

As a result of these defamatory statements, both Universal and Esponda, its vice-president have suffered reputational damage in a highly regulated industry. Esponda requires discovery from Google in order to obtain the identities of these wrongdoers in Colombia and put a stop to it once and for all.

### The Colombian Proceeding

In furtherance of obtaining discovery from Colombian internet service providers ("ISP") of the IP addresses and identities of users of the gmail accounts, an action for discovery was commenced in the 25th Civil Municipal Court in Bogota, Colombia in March, 2018 to order those ISPs to provide Esponda with the identifying information. As a result, it was discovered by Esponda that Telmex de Colombia, S.A. is the ISP serving the IP addresses that are using the offending gmail accounts. However, since Telmex de Colombia apparently purges its records of IP addresses every 6 months, the IP addresses supplied to that ISP were stale. Esponda seeks to provide the Colombian court a more recent set of IP addresses for it to seek production of same from Telmex de Colombia. The discovery sought herein is for this purpose.

5

## DISCOVERY SOUGHT IN THIS APPLICATION

Esponda seeks to serve limited discovery on the E-mail Service Provider, "Gmail" through its internet service provider ("ISP")Google LLC, pertaining to the email addresses "oecdcol@gmail.com" and "casofundicionramirez@gmail.com", so Esponda may obtain information from Google leading to the identities of the users of these gmail accounts. Google LLC is located at 1600 Amphitheatre Parkway, Mountainview, California 94043, within the Northern District of California.

Other than by getting the identifying information from Gmail and Google, the users' email service providers, there is no other way to obtain their true identities. Esponda does not seek the content of any e-mails from Gmail or Google.

Since these defamers use the internet, namely email, to commit their wrongdoing, Esponda only knows them by their email address and aliases. The email addresses are assigned from gmail "accounts" provided by Google that are assigned to the user with user name and passwords. Accordingly the email service provider, such as Gmail/Google, can identify the owner and user by the identity maintained for the gmail account and subscriber logs showing the IP addresses from the computers where the Gmail account was accessed. The subpoena will demand the true name, address, telephone number and whatever other identifying data maintained by those companies for the owner of the email account referenced above used by the users. Since there is no other way for Esponda to obtain Defendants' identities, except by serving the subpoena on Gmail/Google demanding it, Esponda has established good cause for the relief requested.

Esponda will use this information only to move forward with his claims in the Colombian proceeding.

6

Esponda seek leave of Court to serve a Rule 45 subpoena on Google LLC. The subpoena will demand the true name, address, telephone number and whatever other identifying data maintained by Google for the owner of the email accounts. See Subpoena, attached as Exhibit 2. Without this information, Esponda cannot identify the true identities of the defamatory users nor pursue an action in Colombia to protect his reputation.

## ARGUMENT

Esponda's application for discovery in aid of a foreign proceeding satisfies the standard for obtaining discovery under 28 U.S.C. Sec. 1782. That section provides that "the district court of the district in which a person resides or is found may order him to give testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…the order may be made…upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." The purpose of Sec. 1782 is to provide federal judicial assistance in gathering evidence for use in a foreign or international proceeding. Intel Corp. v. Advanced Micro Devices, Inc. 542 U.S. 241, 247 (2004). Sec. 1782 applications may be made ex-parte. In re Republic of Ecuador, 2010 U.S. Dist. Lexis 102158, *6,7 (N.D. Cal. September 15, 2010). Discovery under Sec. 1782 is permitted where the following three requirements are met: (1) the discovery sought is from a person residing in the district of the district court where the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (2) the applicant is a foreign or international tribunal or an interested person. In re Application of Ambercroft Trading Ltd., 2018 U.S. Dist. Lexis 171366 * 6, 7 (N.D. Cal. October 3, 2018). In addition, the Court considers the following discretionary factors: (1) whether the person from whom

7

discovery sought if a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad and the receptivity of the foreign government or the court or agency abroad to the U.S. court's judicial assistance; (3) whether the discovery request is an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States, and (4) whether the discovery requested is unduly intrusive or burdensome. In re ExParte Apple, Inc., 2012 U.S. Dist. Lexis 66669 at *1 (N.D. Cal. May 2, 2012). The court must exercise its discretion with the twin aims of providing efficient assistance to participants in international litigation, and encouraging foreign countries, by example, to provide similar assistance to our courts. In re Raiffeinsenbank, 2016 U.S. Dist. Lexis 15290 at *3, (N.D. Cal. Nov. 2, 2016).

Furthermore, Sec. 1782 does not limit the provision of judicial assistance to pending adjudicative proceedings, or even imminent proceedings. Instead, the proceeding must simply be within reasonable contemplation. Intel Corp., 542 U.S. at 258, 259.

Here, reviewing the different Sec. 1782 factors, first, Google LLC is located in Mountainview, California, within this District. Second, there exists a pending judicial proceeding in the nation of Colombia where the discovery will be utilized. Third, Esponda is a party to the Colombian judicial proceeding, so he is an "interested person". As to the discretionary Intel factors, first, Google LLC is not a participant in the Colombian proceeding. As such, in the Colombian proceeding Esponda cannot obtain discovery directly from Google as Google is not within the jurisdictional reach of the Colombian tribunal. Second, as to the nature and receptivity of the foreign tribunal to U.S. federal court assistance, here the Colombian tribunal has already requested IP address information from Colombian internet service providers, and as such appears to be receptive to the receipt of

8

such information from outside of its jurisdictional ability to compel the information to accomplish the same goal. Third, there exists nothing to suggest that Esponda's application is an attempt to circumvent foreign proof gathering restrictions. Lastly, Esponda's application does not ask for discovery that is in any way an undue intrusion or burden to Google. The discovery requested is documentary, not testimony. The documentary information is something an internet service provider maintains in the ordinary course of business. The information is relevant to the Colombian proceeding, as it will help identify the unknown users of the defamatory email accounts, which is information vital to Esponda's claims in Colombia. In addition, only Google has this information; Esponda cannot obtain it anywhere else. The need for the discovery outweighs any possible undue intrusion or burden.

As such, Esponda submits that the discretionary factors weigh in favor of the Court granting this Application under Sec. 1782 so that he may serve the attached subpoena to produce documents on Google LLC.

WHEREFORE, Esponda respectfully requests that the Court grant this Application for an order compelling discovery for use in a foreign proceeding pursuant to 28 U.S.C. Sec. 1782, and allow Esponda to issue and serve on Google LLC the subpoena to produce documents attached as Exhibit 2.

Dated: April 17, 2019

Respectfully submitted,

**THE BUCKLIN LAW FIRM**
*/s/Stephen L. Bucklin*
By: Stephen L. Bucklin
Attorney for Applicant
ALEJANDRO ESPONDA

9